IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 DEC -8 PM 3:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 8 1998

| | | |
|---|---|---|
| PERRY WOODS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| GOVERNOR GUY HUNT, et al., | ) | 87-C-2182-S |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON CLAIM OF TOMMY LEE HARVEY**

Tommy Lee Harvey has been employed since 1987 in the Supply Department of the Facilities Management Division of The University of Alabama in Birmingham ("UAB"). He was classified as a Maintenance Warehouse Worker in 1991. He complains that although he regularly performs the duties of Material Coordinator, he has not been placed in that position. He thus alleges that defendant UAB has violated its obligation under the Consent Decree to define jobs as "precisely as possible."

At the evidentiary hearing on his claim, Harvey reviewed the job description of Material Coordinator. He testified credibly that he regularly performs the typical duties and responsibilities

254

of that position.¹  There is no credible evidence to the contrary.

UAB's response to Harvey's claim is that an internal audit of various jobs concluded that Warehouse Workers have positions "definitely different" from that of Fowler, a material coordinator."  August 1994 Brief of Defendants, p. 3.  That conclusion is sound as far as it goes.²  The court has heretofore found that Fowler's actual job is that of an Expeditor, not a Material Coordinator.  It is unremarkable, then, that Fowler's duties are "definitely different" from those of a material coordinator.

The audit on which UAB relies itself suggests that the job descriptions for certain jobs in the Facilities Management

---

¹ UAB chose not to cross-examine Harvey. Document Transcript of July 20, 1994 ("TR"), p. 17.

² Actually, the audit concluded that "with the exception of mixing paints and learning the computerized inventory system," the Warehouse Worker position is "definitely different" from the Material Coordinator position, because the former position has no responsibility for any purchasing functions." Defendant's Exhibit ("DX") 5, Memo from Alesia M. Jones to Brooks H. Baker 3 (Sept. 21, 1993) (emphasis original).

The court notes that "purchasing functions" is not listed among the 13 enumerated "Typical Duties and Responsibilities" embodied in the position description for Material Coordinator. Plaintiff Exhibit ("PX") 4.

In any event, the court finds that to the extent that material coordinators perform "limited purchasing functions," id., Harvey also performs such functions on a limited basis.

2

Division--including those of Warehouse Worker and Material Coordinator--do not comply with UAB's obligation under the Consent Decree to list "the job duties and skills and abilities required for each position as precisely as possible to produce and facilitate a selection process that is as objective as possible."[3] The auditor actually found that Harvey is required, among other things, to learn the computerized inventory system--described as one of the "typical duties and responsibilities" of a Material Coordinator.  PX 4.

In the absence of the Consent Decree, Harvey would not have a viable claim under the civil rights laws for there has been no showing that the failure to reclassify him was racially motivated.  In the absence of prohibited discrimination or a statutory or contractual obligation (which is the essence of a

---

[3] The audit concludes:

> Finally, I suggest that when a specialized survey is done on all of the jobs within Facilities management, that particular attention be paid to the jobs in this audit [i.e., Material Coordinator, Expeditor, Warehouse Worker, and Storekeeper]. Attention should be paid to
>
> (a) The minimum qualifications for the jobs
> (b) Common titles for these jobs, in addition to,
> (c) The average salary for these jobs.

DX 5B, Memo from Alesia Jones to Brooks Baker 3 (Sept. 21, 1993).

3

Consent Decree) to the contrary, UAB is entitled to classify jobs appropriately or inappropriately as it well pleases. But the Consent Decree's requirement that jobs be classified "as precisely as possible" is binding on UAB so long as the Decree remains in effect.

UAB violated § I.B of the Consent Decree by failing to classify Harvey as a Material Coordinator as of September 21, 1993.

By separate order, the appropriate relief will be granted.

DONE this _8th_ day of December, 1998.

                              UNITED STATES DISTRICT JUDGE
                              U. W. CLEMON