IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
APR 2 9 1999
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
APR 3 0 1999

PERRY WOOD, individually )
and on behalf of all others )
similarly situated, )
 )
    Plaintiffs, )
 )
vs. ) CIVIL ACTION NUMBER
 )
GOVERNOR GUY HUNT, et al., ) 87-C-2182-S
 )
    Defendants. )

**MEMORANDUM OPINION ON CLAIMS OF NATHANIEL WILLIAMS**

The Consent Decree requires the defendant University of Alabama in Birmingham ("UAB") to revise the job descriptions in the Division of Facilities Management "for the purpose of listing the job duties and the skills and abilities required for each position as precisely as possible to produce and facilitate a selection process that is as objective as possible." Consent Decree, § I.B., p.3. The revised job descriptions should eliminate "criteria which possibly have disparate impact on black applicants or employees or which tend to perpetuate past patterns of racial stratification in the workforce...." *Id.*

262

Nathaniel Williams makes two claims: (1) that the imposition of a baccalaureate decree for the position of Expediter violates the Consent Decree's requirement that revised job descriptions avoid criteria which have a disparate racial impact; and (2) that UAB's failure to classify him as a Material Coordinator violated the Consent Decree.

I

Williams has been employed by UAB for nearly a quarter of a century. Since 1992, he has been a Craft Group Leader for the clerks and truck drivers in the Maintenance Department. In the sixteen years prior to 1992, he was a clerk and warehouse worker. In these jobs, he had daily contact and interaction with the Procurement Specialists/Expediters ("Expediters"). The record reflects that he received "outstanding" annual performance ratings from his supervisors.

Because of his long and intimate interaction with expediters, Williams met the requirements of the pre-1992 job description for Expediter. Neither Bowden or James A. Davis, white employees with employment and educational backgrounds roughly comparable to those of Williams, had a baccalaureate degree when

they were promoted to the expediter job. One of them, like Williams, lacked computer experience. 1994 Transcript ("TR") at 8, 9. Hired six years after Williams, Davis was promoted to the Expediter position on May 9, 1989.

On November 5, 1992, UAB revised the Expediter's job description. The revised educational requirements include "[a]n accredited four (4) year bachelor's degree in Business or related field...." PX 1, p.3. As found by the court in its Memorandum Opinion on the Claim of Timothy Fowler, this new requirement violated the Consent Decree.

In the fall of 1992, Williams and two other black employees applied for a vacancy in the Expediter position. Neither of the applicants had a college degree in business. All were considered under the "otherwise qualified" provision of the Consent Decree. The position was given to Angela Y. Cosey, an employee hired in 1990. The third applicant, Benjamin Stoves, was also deemed to be otherwise qualified.

Brooks H. Baker, the Executive Director of the Facilities Management Division and the selecting official, determined that Williams is not otherwise qualified. He found that Williams "is

generally familiar with the general aspects of the Expediter's job." Nonetheless, he disqualified Williams for five reasons: (1) Williams has no knowledge of or experience in computers; (2) Williams was not familiar with catalogs or other references which would assist in identifying vendors for purchasing of supplies; (3) Williams had no peripheral knowledge of the mechanism for procuring supplies; (4) Williams did not demonstrate the skills to be expected from one with his experience in materials procurement and expediting; and (5) the expediter job is "very detail oriented with extensive bookkeeping skills required," and although Williams "is good at math, he has not demonstrated experience or abilities in this regard." PX 1, p. 20.

The court discredits each of Baker's articulated reasons for UAB's disqualification of Williams. First, the revised job description does not require "knowledge of or experience in computers or their application." Nor does it require "extensive bookkeeping skills." Moreover, in light of Williams' consistently "outstanding" evaluations by his supervisors and the court's opportunity to observe Baker's demeanor as he testified, it is more likely than not that the articulated reasons are in reality a

4

pretext for UAB's violation of its obligations under the terms of the Consent Decree.

Had UAB abided by the Consent Decree, Williams would have been promoted to the Expediter position instead of Cosey.

By separate order, the appropriate relief will be granted.

II

For the same reasons that the court found that Tommy Lee Harvey should have been classified as a Material Coordinator, Williams should have been so classified prior to the time that he should have been promoted to the Expediter's job.

Adam Jordan, Donna Haygood, and Williams all performed the same job. 1994 TR at 12. Except for the additional task of writing a certain kind of purchase order, Darryl Bowden performed the same duties as Jordan, Haygood, and Williams. Jordan, Haygood, and Bowden were classified as Material Coordinators; Williams was classified in the lower-paying position of Clerk/Warehouse Worker, *id.* at 13, 14, without credible explanation therefor.

Within 120 days after the entry of the Consent Decree, Williams should have been reclassified as a Material Coordinator. He is entitled to backpay and prejudgment interest from that date until the date on which he was so classified.

The appropriate relief will be granted by separate order.

DONE this 23rd day of April, 1999.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON