FILED
99 NOV 24 PM 12: 38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 24 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PERRY WOODS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| GOVERNOR GUY HUNT, et al., | ) ) | 87-C-2182-S |
| Defendants. | ) ) | |

**MEMORANDUM OPINION GRANTING ARTHUR W. KING'S
MOTION TO ALTER OR AMEND**

Class member Arthur King has moved to alter or amend the order denying his claim. UAB has not opposed the motion.

On reconsideration, the Court finds that white employees Jerry Whitfield and Adam Jordan had less overall seniority but greater divisional seniority than Arthur King. Because of the policy which utilized divisional seniority as a basis for selection of HVAC apprentices, it would have been futile for King to have applied for these positions.

King was relieved of the two-years experience requirement by the Consent Decree's provision that where a class member is "otherwise qualified," he is entitled to be considered for a position even though he fails to meet the minimum requirements of the position. King had worked as a utility worker for a year and a half, he had worked in supply

for a year, and he had completed several courses in HVAC at Bessemer State Technical College when the HVAC apprentice position was filled. King was thus "otherwise qualified" for the apprentice position albeit that he lacked two years of experience as a mechanic.

Based on these findings, the Court concludes that the motion to alter or amend should be granted. By separate order, it shall be done.

DONE this 24th day of November, 1999.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON